UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO MARTINEZ REYES (A-Number: 244-641-029),

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-1877-TLN-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Alejandro Martinez Reyes entered the United States in 2024 and was re-detained by ICE in 2025.  Petitioner is subject to a final order of removal.  Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Fifth Amendment.  For the reasons outlined below, I recommend that the petition be denied.

**Background**

In July 2024, petitioner entered the United States, was briefly detained by immigration officers, and then was released on parole.  *See* ECF No. 8-1 at 2; ECF No. 8-2 at 1; ECF No. 8-3 at 1.  There is no evidence or allegation that petitioner has violated his parole or committed a crime.  In October 2025, petitioner was re-detained by ICE.  ECF No. 8-3 at 1.

On March 20, 2026—while this action was pending—petitioner was ordered removed.  ECF No. 8-4.  Petitioner was granted until April 20, 2026, to file his appeal.  *See id.* at 4.  There is no evidence in the record that petitioner filed his appeal by that date.  On the contrary, the EOIR tracker shows that the Board of Immigration Appeals has not received an appeal in petitioner's case.  *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited April 28, 2026).  Accordingly, the order of removal became final on April 21, 2026.

*See* 8 C.F.R. § 1241.1(c) (providing that, if no appeal is filed, an order of removal becomes final "[u]pon expiration of the time allotted for an appeal").

### Procedural History

On March 9, 2026, petitioner filed a petition for writ of habeas corpus.[1]  ECF No. 1.  The court thereafter referred the matter to me.  ECF No. 5.  On April 14, 2026, respondents filed an answer.  ECF No. 8.  The matter is deemed submitted.  *See* ECF No. 7 at 2.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### Analysis

Petitioner claims that his detention violates the Fifth Amendment.  ECF No. 1 ¶¶ 46-49.  Respondents counter that petitioner has been ordered removed.  ECF No. 8 at 2.

The Immigration and Nationality Act provides that when a noncitizen "is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  Relevant here, the removal period begins on the "date the order of removal becomes administratively final."  *Id*. § 1231(a)(1)(B).  Moreover, detention during the removal period is mandatory.  *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").  The

---

[1] Petitioner concurrently filed a motion for the appointment of counsel.  ECF No. 2. Because I recommend that the case be closed, I will deny this motion as moot.

2

Court of Appeals has held that this period of detention "passes constitutional scrutiny" because there is no danger of indefinite detention; on the contrary, the provision authorizes "detention for 90 days only." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, petitioner was ordered removed on March 20, 2026. ECF No. 8-4. The order became final on April 21, 2026, which is when petitioner's allotted time for an appeal expired. *See id.* at 4; 8 C.F.R. § 1241.1(c). Consequently, petitioner is subject to mandatory detention during his removal period, which runs through July 20, 2026. *See* 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). Moreover, this mandatory detention does not violate petitioner's due process rights. *See Khotesouvan*, 386 F.3d at 1301.

It also bears mention that after the removal period expires in July 2026, petitioner could still be subject to discretionary detention. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention under this section and held that:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.

533 U.S. at 701 (internal quotation marks and citation omitted). Accordingly, petitioner's detention is "presumptively reasonable" until six months following when the order of removal became final. *See id*.

### Conclusion

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF No. 2, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

3

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 29, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE