UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO M.R.,[1]<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.<br>Respondents. | No. 1:26-cv-1877-TLN-JDP<br>A# 244-641-029<br>**ORDER** |

Petitioner, a pro se immigration detainee, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 9.) Neither party filed objections. Thereafter, Petitioner was removed from the country on June 15, 2026. (ECF

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

No. 13.) As a result, Respondents request the Petition be dismissed as moot. (*Id.*)

A case is moot when it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim. . . . For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063–64 (9th Cir. 2007). Where a petitioner seeks only release from detention without raising collateral consequences and is subsequently deported, the petition is likely moot because the court can no longer provide the requested relief. *See id.*

Here, Petitioner sought release from immigration custody through the instant Petition and the Petition does not raise any collateral consequences for the Court to address. (ECF No. 1.) Now that Petitioner has been removed, there is no relief the Court can provide, thus, the Petition is moot.

Accordingly, the Court declines to adopt the findings and recommendations of the magistrate judge (ECF No. 9) and dismisses the Petition (ECF No. 1) without prejudice. The Clerk of Court is directed to enter judgment accordingly and close the case.

IT IS SO ORDERED.

DATE: September 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE